Argued and submitted February 22, reversed and remanded May 1, reconsideration
denied June 14, petition for review allowed July 23, 1985 (299 Or 522)
See 300 Or 176, 708 P2d 355 (1985)

STATE OF OREGON,
*Respondent,*

*v.*

HENRY LEE NEIDENBACH,
*Appellant.*

(82-469-C-2; CA A32517)

698 P2d 1040

Ronald K. Cue, Ashland, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals the revocation of his probation and the imposition of a prison sentence. The issue is whether the exclusionary rule applies to probation revocation hearings. We conclude that it does. We reverse and remand.

Defendant was convicted of assault in 1982 and was placed on two years probation. While on probation, he was charged with two drug-related crimes, and the state moved to revoke his probation. A trial court suppressed the evidence against defendant in the drug cases on the ground that it was obtained as a result of an unconstitutional search. The state did not appeal. The drug charges were ultimately dismissed.

In the probation revocation hearing, the trial court received the suppressed evidence over defendant's objection that the court should exclude it because it was illegally obtained.[1] The court revoked defendant's probation and sentenced him to imprisonment.

In *State v. Nettles,* 287 Or 131, 597 P2d 1243 (1979), the Supreme Court held that the federal exclusionary rule, which is binding on the states through the Fourteenth Amendment, does not apply to probation revocation hearings. In reaching its conclusion, the court relied in large measure on *United States v. Winsett,* 518 F2d 51 (9th Cir 1975). The court summarized *Winsett* as treating the exclusionary rule as "a judicially created remedy designed to deter future unlawful police conduct," rather than as a method of compensating a person for the unlawful invasion of his or her rights. 287 Or at 136. Because the federal exclusionary rule is based on a deterrence rationale, the question for the court in *Nettles* was whether extending the rule to probation revocation hearings would provide a sufficient increased deterrence of police misconduct to justify the societal cost imposed by the exclusion of probative evidence. The court balanced the factors and permitted the use of illegally obtained evidence in probation revocation hearings. 287 Or at 136-139.[2] The court's decision

---

[1] The parties stipulated that the ruling in the drug cases that the evidence was illegally obtained would be binding in the probation revocation proceeding and that the only issue would be whether the exclusionary rule applies in such a proceeding.

[2] The court left open the possibility of excluding illegally obtained evidence if the search was directed at the defendant because the officer knew he was on probation.

in *Nettles,* although it referred to both the state and federal constitutions, purported to analyze the issue only under the Fourth Amendment.[3]

The justification for the exclusionary rule under Article I, section 9, is quite different from that under the Fourth Amendment. In *State v. Davis,* 295 Or 227, 666 P2d 802 (1983), the Supreme Court rejected the deterrence rationale and, instead, based the rule on the need "to preserve [the defendant's] rights to the same extent as if the government's officers had stayed within the law." 295 Or at 234. It relied on an earlier case in which it had held:

> "[T]he deterrent effect on future practices against others, though a desired consequence, is not the constitutional basis for respecting the rights of a defendant against whom the state proposes to use evidence already seized. In demanding a trial without such evidence, the defendant invokes rights personal to himself." *State v. McMurphy,* 291 Or 782, 785, 635 P2d 372 (1981), *quoted in State v. Davis, supra,* 295 Or at 235.

Thus, under Article I, section 9, the reason that evidence is excluded is to undo the effects of illegal state action:

> "[T]hose rules of law designed to protect citizens against unauthorized or illegal searches or seizures of their persons, property, or private effects are to be given effect by denying the state the use of evidence secured in violation of those rules against the persons whose rights were violated, or, in effect, *by restoring the parties to their position as if the state's officers had remained within the limits of their authority." State v. Davis,* 295 Or at 237. (Emphasis supplied.)

---

The exclusion of evidence in such circumstances might be a significant deterrent to misconduct.

[3] In *State v. Nettles, supra,* the Supreme Court noted that the defendant relied on Article I, section 9, of the Oregon Constitution as well as on the Fourth Amendment. However, the court made no distinction between the two constitutions, stating that:

> "It has been the custom of this court to give the Oregon provision substantially the same construction as that required by the United States Supreme Court of the fourth amendment." 287 Or at 135 n 2.

*Nettles* is one of those cases, decided in the period between *State v. Florance,* 270 Or 169, 527 P2d 1202 (1974), and *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982), which reflect an approach to the search and seizure provisions in the state constitution which the Supreme Court has since abandoned. It therefore decides nothing under the Oregon Constitution. *See State v. Flores,* 68 Or App 617, 625, 685 P2d 999, *rev den* 298 Or 151 (1984).

It is difficult to say that one has been restored to his position as if the state's officers had remained within the limits of their authority if the state can use illegally obtained evidence to revoke one's probation.

Here, defendant was at liberty, albeit with some restrictions. He was within a few months of discharge from probation. He is now in prison, because the state used evidence against him that its officers obtained in violation of the law. In its effect on defendant, we see no significant distinction between the use of the evidence at his trial on the drug charges and its use at his probation revocation hearing. In either case, use of the tainted evidence violates defendant's right to be free of the effects of unconstitutional state action. The trial court erred in not sustaining defendant's objection.

Reversed and remanded for further proceedings.