STATE OF OREGON,
*Respondent,*

*v.*

TERRY LYNN ISELI,
*Appellant.*

(36478; CA A34754)

720 P2d 1343

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant seeks reversal of her conviction for delivery of a controlled substance. The issue is whether the trial court erred in allowing the state to impeach her denial of involvement in the crime charged by introducing evidence that had previously been suppressed because it had been seized illegally. We reverse.

Officers of the Deschutes County Sheriff's Department arrested three women, including defendant, following a sale of drugs to a police informant. The informant purchased one-half ounce of methamphetamine from one of the other women. Several hours after defendant's arrest, a small quantity of methamphetamine was found in her purse. On defendant's motion the trial court suppressed that evidence, and the state was not allowed to offer it in its case-in-chief on the delivery charge.

On direct examination, defendant gave an exculpatory explanation of her presence with the other suspects at a restaurant where the drugs and money were exchanged. On cross-examination she denied any involvement in the drug sale. The prosecutor then asked defendant if she had possessed any drugs at the time in question. On advice of counsel, she refused to answer the question, exercising her right against self-incrimination under the Fifth Amendment of the United States Constitution. The court allowed the prosecutor to introduce the previously excluded methamphetamine taken from defendant's purse to impeach her denial of involvement in the drug sale.

Defendant argues that the illegally seized evidence should not only have been excluded from the state's case-in-chief, but also its case on rebuttal, relying on Article I, section 9, of the Oregon Constitution and *State v. Davis,* 295 Or 227, 666 P2d 802 (1983). The state submits that the evidence was admissible on rebuttal under federal law and that we should apply the federal rule of *United States v. Havens,* 446 US 620, 100 S Ct 1912, 64 L Ed 2d 559 (1980), when considering defendant's rights under Article I, section 9, of the Oregon Constitution.

In *State v. Davis, supra,* the court noted that the federal standard for exclusion of evidence under the Fourth

Amendment is based solely on the need to deter unlawful police conduct but that a different rationale underlies the exclusion of evidence under Article I, section 9, of the Oregon Constitution. In *State v. McMurphy,* 291 Or 782, 635 P2d 372 (1981), the court held that

> "the deterrent effect on future practices against others, though a desired consequence, is not the constitutional basis for respecting the rights of a defendant against whom the state proposes to use evidence already seized. In demanding a trial without such evidence, the defendant invokes rights personal to himself." 291 Or at 785 (*quoted in State v. Davis, supra,* 295 Or at 235).

*Davis* reaffirmed the *McMurphy* reasoning and the court went on to say:

> "[The court] has maintained the principle that those rules of law designed to protect citizens against unauthorized or illegal searches or seizures of their persons, property, or private effects are to be given effect by denying the state the use of evidence secured in violation of those rules against the persons whose rights were violated, or, in effect, by restoring the parties to their position as if the state's officers had remained within the limits of their authority." 295 Or at 237.

■        In *Davis,* the court ruled that evidence seized as a result of an illegal search had to be excluded from the state's case-in-chief. Whether exclusion extended to the state's case in rebuttal was not an issue. A logical reading of the exclusionary rule set out in *Davis* demands, however, that that kind of evidence not be used in any manner against a defendant. Restoring defendant in this case to her position "as if the state's officers had remained within the limits of their authority" requires that the state proceed without using the tainted evidence. *See State v. Neidenbach,* 73 Or App 476, 698 P2d 1040, *rev dismissed as moot* 300 Or 176 (1985).

■        In *United States v. Havens, supra,* the Court permitted use of illegally seized evidence not only to impeach statements made by the defendant on direct examination but also to impeach those made in response to proper cross-examination by the prosecutor. Relying on *State v. Mills,* 76 Or App 301, 710 P2d 148 (1985), *rev den* 300 Or 546 (1986), which cited *United States v. Havens, supra,* the state argues that defendant has no "right" to testify falsely. However, the

state's reliance on *Mills* is misplaced. *Mills* involved inconsistent statements made before the defendant's courtroom testimony that were obtained in violation of his rights under Article I, section 12, of the Oregon Constitution. The case at bar, however, involves an illegal search and seizure under Article I, section 9. In *Mills,* we noted that the Oregon Supreme Court has rejected the federal Fourth Amendment approach to search and seizure and that Oregon has embarked on its own course in this area. *State v. Mills, supra,* 76 Or App at 305-306 (citing *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982)). However, Oregon has not followed a different course as to statements taken in violation of Article I, section 12. *State v. Mills, supra.*

Furthermore, in *Mills* we said:

"This is a very limited rule: The evidence against defendant is not made *generally* admissible if he testifies; *it is admissible only and to the extent it impeaches a statement he had made under oath at trial.*" 76 Or App at 310. (Emphasis supplied.)

In this case defendant did not deny her possession of drugs but asserted her right to refuse to answer under the Fifth Amendment to the United States Constitution. The suppressed evidence could not impeach her refusal to answer. Its existence is not inconsistent with the assertion of her constitutional right.

The previously suppressed evidence should not have been admitted as rebuttal to defendant's testimony.

Reversed and remanded for a new trial.